# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:12-CR-64 |
| AKILAH SHABAZZ, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Currently before the Court is Defendant Akilah Shabazz's *pro se* pre-trial Motion to Compel a Bill of Particulars Pursuant to Federal Rule of Criminal Procedure 7(f) (Doc. 103). Because the indictment and discovery sufficiently inform Shabazz of the charges against him and allow him to adequately prepare his defense and avoid surprise at trial, his motion for a bill of particulars will be denied.

## BACKGROUND

On June 25, 2011, Defendant Akilah Shabazz was a passenger in a rental vehicle stopped for speeding by Pennsylvania State Police Corporal Michael T. Carroll. Kenneth F. Thompson was driving the vehicle and Shabazz was in the back seat. Following the traffic stop, a search warrant based largely on a canine sniff indicating the presence of controlled substances was executed on the vehicle. Although no drugs were ultimately discovered, twelve (12) fictitious driver's licenses were found with Shabazz's apparent photograph as well as counterfeit business and personal checks.

The matter was referred to the United States Secret Service. Secret Service Special Agent David Baker presented an affidavit of probable cause in support of the criminal complaint, and Magistrate Judge Blewitt issued a warrant for Shabazz's arrest on November

1, 2011. On March 6, 2012, Shabazz was indicted with Aggravated Identity Theft under 18 U.S.C. § 1028A(a)(1); Fraud and Related Activity in Connection with Identification Documents under 18 U.S.C. § 1028(a)(3); Fictitious Obligations under 18 U.S.C. § 514(a)(1); and Conspiracy to commit the aforementioned crimes under 18 U.S.C. § 371. (Doc. 22.) Shabazz pleaded not guilty to all counts on March 15, 2012.

A Superseding Indictment was filed on June 12, 2012. It charged Shabazz with the same four crimes, but expanded the time period to on or about June 1, 2011 through June 30, 2011 and added additional counts. Specifically, the Superseding Indictment charged Shabazz as a co-conspirator in possessing twenty-three (23) false identification documents, using the social security numbers of ten (10) individuals to unlawfully use such false identification documents, and possessing twelve (12) counterfeit business and personal checks. (Superseding Indictment at ¶¶ 5-7, Doc. 56.) The Grand Jury also charged Shabazz with nine (9) counts of aggravated identity theft for using the identification of nine (9) other individuals, fraud and related activity in connection with identification documents, and seven (7) counts of fictitious obligations for possession with intent to negotiate seven (7) counterfeit checks. (*Id.* at ¶¶ 8-13.) Shabazz pleaded not guilty to all counts. (Doc. 60.)

On October 2, 2012, Shabazz filed his Motion to Compel a Bill of Particulars Pursuant to Federal Rule of Criminal Procedure 7(f) (Doc. 103). This motion is now ripe for the Court's review and will be considered below.

**ANALYSIS**

**I. Shabazz's Motion for Bill of Particulars**

Shabazz moves under Federal Rule of Criminal Procedure 7(f) for a bill of particulars.

A bill of particulars is a "formal, detailed statement of the claims or charges brought" by a prosecutor. Black's Law Dictionary 184 (9th ed.2009). A court is authorized under Rule 7(f) to direct the government to file a bill of particulars in order "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2004) (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971)). A bill of particulars "is not to be used by the defendant as a discovery tool," *United States v. Fischbach & Moore, Inc.*, 576 F.Supp. 1384, 1389 (W.D.Pa.1983), but rather is appropriate only when "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial," *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989). The Third Circuit has found that an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality neither prejudices a defendant in preparing his defense nor endangers his constitutional guarantee against double jeopardy. *See Addonizio*, 451 F.2d at 58 n.7; *see also United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991).

Whether to grant a motion for a bill of particulars is within the discretion of the trial court. *Addonizio*, 451 F.2d at 64. In determining whether to grant a motion for a bill of particulars, courts must take into account "numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of facts before it is in a position to do so." *Rosa*, 891 F.2d at 1066. Additionally, "the court may consider not only the indictment, but

3

also all the information that has been made available to the defendant." *Fischbach*, 576 F.Supp. at 1389. There is less need for a bill of particulars in cases where the Government provides substantial discovery. *Urban*, 404 F.3d at 772.

Shabazz's complaints regarding the Superseding Indictment focus on Count 1, which charges him with conspiracy in violation of 18 U.S.C. § 371. He states that he is confused as to why Count 1 is based on the time period "[b]eginning on or about June 1, 2011 and continuing through June 30, 2011" while Counts 2-18 cite June 25, 2011 as the alleged date of violation. (Doc. 103 at ¶¶ 2-3.) Shabazz also states that the allegations in Count 1 are not particularized. (*Id.* at ¶ 2.) He argues that the broad time frame and generalized allegations in Count 1 fail to advise him of the specific acts of which he is accused of committing during that period, leaving him unprepared to adequately defend the conspiracy charge at trial. (*Id.* at ¶¶ 4-5.) Therefore, he requests that this Court compel the government to produce a bill of particulars as to Count 1 that specifies: (1) "all dates, times, and locations for which the Government intends to present evidence, of any alleged transaction in the Middle District of Pennsylvania and elsewhere, which tends to establish the crime of conspiracy as charged in count 1 of the indictment, provided that such occurred within the time range prescribed therein"; (2) any video or physical evidence in support of the alleged transactions; and (3) the names and addresses of all witnesses who the government will call to testify in support of the alleged transactions. (*Id.* at ¶ 6.)

The Court finds that a bill of particulars is not warranted here. The purpose of a bill of particulars is only to inform the defendant of the nature of charges brought against him and provide the minimum amount of information to enable him to conduct his own

4

investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). A bill of particulars "is not intended to provide the defendant with the fruits of the government's investigation," *Id.*, and he "is entitled neither to a wholesale discovery of the Government's evidence, nor to a list of the Government's prospective witnesses." *Addonizio*, 451 F.2d at 64 (internal citations omitted). Count 1 articulates the time period that the government intends to prove was the duration of the conspiracy, the manner and means of the conspiracy, and the overt acts taken in furtherance of the conspiracy. Also, Shabazz has not contested the government's claim that it has provided him with the requested information in the discovery process. (Doc. 107 at ¶ 6.) Because the indictment and discovery sufficiently inform Shabazz of the nature of the conspiracy charge against him and provide him with sufficient information to conduct his own investigation, the Court finds that they are sufficient to allow Shabazz to adequately prepare his defense and avoid surprise at trial. Thus, his request for a bill of particulars containing this information will be denied.

## **CONCLUSION**

Because the indictment and discovery sufficiently inform Shabazz of the nature of the conspiracy charge against him, they sufficiently enable him to adequately prepare his defense and avoid surprise at trial. Accordingly, his motion for a bill of particulars will be denied.

An appropriate order follows.

| | |
|---|---|
| October 26, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |