# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:12-cr-64 |
| v. | (JUDGE CAPUTO) |
| AKILAH SHABAZZ, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Akilah Shabazz's Statement Preserving Claimed Error Fed. R. C. P. 51(b) (In the Nature of Motion for Reconsideration). (Doc. 110.) Shabazz requests that I reconsider my October 5, 2012 Memorandum and Order (Docs. 104, 105) which denied his motion to suppress twenty-three (23) fictitious driver's licenses, twelve (12) counterfeit checks, and a laptop computer that were seized from his rental car. Specifically, Shabazz argues that reconsideration is necessary to prevent a manifest injustice from occurring to the extent that his motion to suppress was denied based on an exception to the warrant requirement not raised by the government. Because Shabazz fails to demonstrate that reconsideration is necessary to prevent manifest injustice, his motion will be denied.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or

fact or to prevent manifest injustice." *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

In opposition to Shabazz's motion to suppress (Doc. 87), the government asserted three arguments: (1) the motion was barred by the law of the case doctrine; (2) the motion was time barred pursuant to Rule 12(e) of the Federal Rules of Criminal Procedure; and (3) no good cause existed for the suppression of evidence. (Doc. 92.) I denied Shabazz's request to suppress the fictitious driver's licenses, the counterfeit checks, and the laptop computer pursuant to the plain view exception to the warrant requirement even though this exception was not advanced by the government in opposition to Shabazz's suppression motion. Now, he contends that reconsideration of my decision to rely on the plain view exception is necessary to prevent manifest injustice.

The Third Circuit addressed a similar argument in *United States v. Sinkler*, 267 F. App'x 171 (3d Cir. 2008). In *Sinkler*, a high speed car chase between the defendant and police ended in the collision of a police vehicle and the defendant's Jeep. *See id*. at 172.

2

During the subsequent search of the accident scene, the police found a backpack containing over fifty grams of crack cocaine and drug paraphernalia approximately fifteen feet from the Jeep. *See id*. The defendant was subsequently indicted on drug charges in violation of 21 U.S.C. § 841(a). *See id*. Prior to trial, the defendant sought suppression of the evidence found in the backpack. *See id*. at 173. The suppression motion was denied because the backpack was abandoned and/or because it was found as part of a search incident to lawful arrest. *See id*.

The denial of the suppression motion was appealed, and the Third Circuit subsequently issued an order vacating the denial of the suppression motion. *See United States v. Sinkler*, 91 F. App'x 226 (3d Cir. 2004). The case was remanded to the district court to determine whether: (1) the defendant abandoned the backpack; (2) the contents of the backpack were properly seized as part of a valid search incident to the defendant's arrest; (3) the seizure resulted from a proper inventory search; or (4) the backpack would have been found as part of a properly conducted inventory search pursuant to established police department procedures. *See id*. Additionally, the Third Circuit noted that the seizure might still be justified if the government could prove "by a preponderance of the evidence that the backpack would have inevitably been the subject of an inventory search[.]" *Id*. at 233 n.10.

On remand, the district court conducted an evidentiary hearing. *See Sinkler*, 267 F. App'x 173. Again, the defendant's suppression motion was denied, this time pursuant to the

3

inevitable discovery doctrine even though the theory was not raised by the government or the defendant. *See id*.

On the second appeal, the Third Circuit considered "whether the District Court erred when it ruled, *sua sponte*, that the doctrine of inevitable discovery applied to the facts of this case, and thus denied Sinkler's suppression motion." *Id*. at 174. The appeal, as characterized by the Third Circuit, focused "upon the District Court's ruling that the drug evidence would have inevitably been discovered by the police even though neither the government nor the defense raised the issue at any time." *Id*. According to the Third Circuit, a district court's denial of a suppression motion "on a ground it raised *sua sponte*" may be upheld "as long as it does not deprive [the defendant] of the 'opportunity to adduce evidence in his favor.'" *Id*. (quoting *United States v. Salazar*, 805 F.2d 1394, 1400 (9th Cir. 1986)). And, "[b]ased upon these principles, we will uphold the District Court's ruling because Sinkler had the opportunity to, and did, adduce evidence relating to the theory of inevitable discovery." *Id*.

Here, like the prosecution in *Sinkler*, the government did not raise the legal theory I relied on in denying the suppression motion. Nevertheless, my ruling is not manifestly unjust for two reasons. First, I previously determined after a hearing that the police had probable cause to search Shabazz's vehicle. Although this ruling dealt specifically with the sufficiency of the Affidavit of Probable Cause to search the vehicle (Doc. 68) and not the plain view exception, both issues involve considerations of the lawfulness of the police presence in Shabazz's vehicle. This, therefore, afforded Shabazz the opportunity to present evidence

in his favor.

Second, and more importantly, the plain view exception was raised by Shabazz in his brief in support of his suppression motion and not by the Court *sua sponte*. Indeed, Shabazz argued that "the items seized were not intrinsically incriminating, that is to say, the seized items were not quantifiable as contraband and *their incriminating nature was not readily apparent*." (Doc. 88 (emphasis added).) This argument clearly implicates the plain view inquiry. *See, e.g., United States v. Menon*, 24 F.3d 550, 559 (3d Cir. 1994) (plain view exception to the warrant requirement requires that "the incriminating character of the evidence be readily apparent"). The plain view exception, therefore, was not raised by the Court *sua sponte* or on "its own initiative," (Doc. 110), and Shabazz's claim to the contrary is without merit. Rather, it was addressed in response to an argument advanced by Shabazz. Thus, reconsideration of my prior decision is not necessary to correct a manifest injustice.

An appropriate order follows.

| October 26, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

5